IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISIAH ULMER | CRIMINAL ACTION<br>NO. 18-00579-3 |

**PAPPERT, J.**                                                                                             May 14, 2020

**MEMORANDUM**

Since his arrest in late 2018, Isiah Ulmer has been detained at the Federal Detention Center in Philadelphia. *See* (Bail Status & Order, ECF No. 12). A year later, he pleaded guilty to one count of conspiracy to distribute (1) 500 grams or more of a mixture containing methamphetamine, and (2) fifty grams or more of methamphetamine. *See* (Guilty Plea Agreement ¶ 1, ECF No. 165). Ulmer's plea exposed him to a mandatory minimum prison term of ten years and up to life imprisonment. *See* 21 U.S.C. § 841(b)(A)(vii). Given this lengthy potential sentence, the Court was required to detain Ulmer pending sentencing unless (1) he was likely to prevail on a motion for acquittal or a new trial, or (2) the government recommended no prison term *and* there was clear and convincing evidence that he would not flea or pose a danger to the community. *See* 18 U.S.C. §§ 3142(f)(1)(c), 3143(a)(2). Because Ulmer could not meet either condition, the Court ordered him detained. *See* (Min. Entry, ECF No. 164).

Ulmer now moves the Court to release him on home confinement pending sentencing. *See* (Mot. for Bail Pending Sentencing, ECF No. 226). Though Ulmer's Motion is imprecise, the Court reads it as one for release under 18 U.S.C. § 3145(c). *See* (Hr'g Tr. 6:16–21, ECF No. 230). That provision authorizes the Court to release Ulmer

1

if (1) "it is clearly shown that there are exceptional reasons why [Ulmer's] detention would not be appropriate," and (2) Ulmer proves by "clear and convincing evidence" that he "is not likely to flee or pose a danger to the safety of any other person or the community if released."₁ 18 U.S.C. §§ 3145(c), 3142(a)(1).

Ulmer cannot show that "exceptional reasons" make his detention inappropriate. He says he suffers from a "lifelong asthma condition" that puts him at high risk of serious consequences if exposed to the ongoing COVID-19 pandemic. (Mot. for Bail Pending Sentencing 2.) Yet in his eighteen or so months at the FDC, Ulmer failed to mention his asthma until last month. *See* (Hr'g Tr. 15:18–22, 19:1–19). In fact, when Pretrial Services interviewed Ulmer in December of 2018 about, among other things, any medical conditions, he reported a back problem but no asthma or breathing troubles. *See* (*id.*) And even since mentioning his asthma, Ulmer has never alleged that it is anything more serious than situational exercised-induced asthma. *See* (*id.* at 15:23–16:17). Such relatively minor symptoms fall short of the exceptional reasons that § 3145(c) demands. *Cf. United States v. Porter*, No. CR 18-068, 2020 WL 1984318, at *5 (W.D. Pa. Apr. 27, 2020) (unpublished) (denying release under § 3145(c) for detainee with asthma); *United States v. Wills*, No. CR 19-40013-03, 2020 WL 1873622, at *1 (D. Kan. Apr. 15, 2020) (unpublished) (same); *United States v. Lopez*, *2 (S.D.N.Y. Apr. 6, 2020) (unpublished) (granting release for detainee whose asthma required hospital care and also suffered acute kidney failure). Indeed, Ulmer's asthma condition is seemingly

---

₁ The government suggests in its brief that "there is substantial doubt" that 18 U.S.C. § 3145(c) allows district courts to order qualifying persons released. (Gov't Resp. 15, ECF No. 228.) Although the Third Circuit has yet to consider the question, every other court of appeals to do so has concluded that § 3145(c) does empower a district court to order qualifying persons released. *See United States v. Stevens*, No. CR 19-350-02, 2020 WL 1888968, at *3 n.7 (E.D. Pa. Apr. 16, 2020) (unpublished) (collecting cases).

not what motivates his request for release. When given the chance to make his case for release at the hearing, Ulmer stated his desire "to go home to be with [his] family" because he is "a good person at heart"; he never cited his asthma. (Hr'g Tr. 13:23–24, 14:10.) But Ulmer's understandable desire to go home combined with "the mere existence of COVID-19 in society" is not an exceptional reason. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.