IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISIAH ULMER | CRIMINAL ACTION<br>NO. 18-00579-3 |

**PAPPERT, J.** March 5, 2021

### MEMORANDUM

Isiah Ulmer again seeks to be let out of jail because he fears for his health amid the COVID-19 pandemic. Last spring, while awaiting sentencing after admitting his role in a large drug distribution conspiracy, Ulmer sought to be released on bail because his "lifelong asthma condition" put him at high risk of serious consequences if exposed to COVID-19. (Mot. for Bail Pending Sentencing 2, ECF 226.) After a hearing, the Court denied Ulmer's motion because the applicable records and court filings contradicted his purported condition. (ECF 230.)

He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying on his previously rejected asthma argument. This second effort is even less credible than the first because Ulmer fails to mention that he contracted and recovered from COVID-19 without complication in November. (Gov't Resp., Exh. A 7–10, 12, 101, ECF 286.) He also received the first dose of the Moderna vaccine on January 28, five days before filing his Motion. (*Id.* at 88.) The Moderna vaccine can cause side effects, though forgetting you received the shot five days prior is not listed among them. *Information about the Moderna COVID-19 Vaccine*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html. The Court denies his Motion, along with a separate motion for

1

appointment of counsel.

I

In 2019, Ulmer pled guilty to one count of conspiracy to distribute 500 grams or more of a mixture containing methamphetamine and 50 grams or more of methamphetamine. *See* (Guilty Plea Agreement ¶ 1, ECF 165). Ulmer's plea exposed him to a mandatory minimum of ten years' and up to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The Court sentenced him to 84 months after granting him relief under the safety valve provision in 18 U.S.C. § 3553(f). Now Ulmer moves *pro se* for compassionate relief because he has asthma and FPC Lewisburg, where he is incarcerated, recently experienced an uptick in COVID-19 infections. (Mot. for Comp. Rel. 6–8, ECF 283.)

II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). As the Third Circuit explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, a prisoner must show, at a minimum, that his health conditions render him susceptible to COVID-19. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (noting the government conceded that the prisoner's "health conditions, and the risks they present in light of the COVID-19 outbreak, constitute 'extraordinary and compelling reasons'"). Before releasing an inmate a court must also "consider[ ] the factors set forth in section 3553(a)." *Id.* Relevant factors include "the

2

nature and circumstances of the offense" and the "need for the sentence imposed—to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(1), (2)(A).

Ulmer does not present extraordinary and compelling reasons for his release. He contends both that he has "severe asthma" and "moderate asthma" in his Motion. (Mot. for Comp. Rel. 1, 6.) His medical records do not support a finding that his asthma is anything more than minor. *See* (Gov't Resp., Exh. A 3) (describing seasonal asthma with minor symptoms triggered by changing weather and allergies). On this record, Ulmer's asthma does not support release. *See, e.g.*, *United States v. Millhouse*, No. 06-285-1, 2020 WL 6799170, at *5 (E.D. Pa. Nov. 19, 2020) (asthma not an extraordinary and compelling circumstance warranting release where defendant presented no symptoms of moderate asthma); *United States v. Solomon*, Nos. 05-350, 05-285, 2020 WL 5231326, at *5 n.5 (W.D. Pa. Sept. 2, 2020) (disregarding asthma in compassionate release analysis where evidence did not suggest asthma was moderate to severe).

Ulmer also argues the conditions at FPC Lewisburg place him at heightened risk of serious illness from COVID-19. Again, however, his medical records tell a different story about his vulnerability. Ulmer recently recovered from COVID-19, a fact apparently not worth mentioning in his Motion, and thankfully the severe complications he feared did not occur. *See* (Gov't Resp., Exh. A 7–10, 12, 101) (he exhibited no fever and only slight headache one week after positive test and no symptoms 11 days later). Numerous courts have denied compassionate release at least partially because a movant already contracted the virus. *See, e.g.*, *United States v. Evans*, No. 13-173, 2020 WL 6144006, at *5–6 (W.D. Pa. Oct. 20, 2020); *United States v.*

3

*Amico*, No. 19-86, 2020 WL 5407913, at *4 (E.D. Pa. Sept. 9, 2020) (collecting cases); *United States v. Hilts*, No. 11-133, 2020 WL 4450373, at *2 (W.D. Pa. Aug. 3, 2020). But Ulmer's selective disclosures do not end there. He also neglects to tell the Court that shortly before filing his Motion, he received the first dose of the Moderna vaccine, which "has a 92% efficacy rate around two weeks after vaccination." *United States v. Irizzary*, No. 14-cr-652-13, 2021 WL 735779, at *3 (E.D. Pa. Feb. 25, 2021) (citing *Safety and Efficacy of the BNT162b2 mRNA Covid-19 Vaccine*, The New England J. of Med. (Feb. 17, 2021), https://www.nejm.org/doi/full/10.1056/NEJMc2036242; *The Moderna COVID-19 (mRNA-1273) vaccine: what you need to know*, World Health Organization (Jan. 26, 2021), https://www.who.int/news-room/feature-stories/detail/the-moderna-covid-19-mrna-1273- vaccine-what-you-need-to-know.)). By this point, he has presumably received his second dose and is benefitting from the vaccine's full protection. Considering Ulmer's minor health concerns, recent recovery from COVID-19 and vaccination, he does not come close to establishing extraordinary and compelling reasons for his release. Even if he did, the § 3553(a) factors counsel against releasing him. Ulmer has served only 17 months of his 84-month sentence for a serious drug offense. Releasing him now would be inconsistent with the seriousness of his crime and fail to promote respect for the law or provide just punishment for his actions. *See* 18 U.S.C. § 3553(a)(1), (2)(A); *see also United States v. Daniels*, No. 15-127, 2020 WL 4674125, at *4 (E.D. Pa. Aug. 12, 2020) (Defendant "has not yet served even half of his 180-month sentence. If the Court granted compassionate release at this stage, his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for his offense.").

III

Ulmer also moves for appointment of counsel. As an initial matter, he has not shown that he no longer has access to his retained counsel or that, based on a lack of resources, he would qualify for court-appointed counsel. Even so, a defendant seeking compassionate release does not have a constitutional right to counsel. *See United States v. Dorsey*, No. 14-cr-323-1, 2021 WL 603035, at *1 (E.D. Pa. Feb. 16, 2021). The Court nonetheless has discretion to appoint counsel for an indigent litigant after considering several factors. First, "a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498–99 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). If it does, the Court considers:

> 1. the plaintiff's ability to present his or her own case;
>
> 2. the difficulty of the particular legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. the extent to which a case is likely to turn on credibility determinations, and;
>
> 6. whether the case will require testimony from expert witnesses.

*Id.* at 499 (citing *Tabron*, 6 F.3d at 155–57). Ulmer's request for compassionate release has no merit in fact or law. He presents minor health concerns and his recovery from COVID-19 and vaccination significantly outweigh any issues at FPC Lewisburg. Even if he could overcome this initial hurdle, the *Tabron* factors do not support his Motion. Whether Ulmer is entitled to relief under § 3582(c)(1)(A) is a straightforward legal

5

issue that he ably addresses in his *pro se* Motion for release. The third, fifth and sixth factors do not support appointment of counsel because no investigation is needed, credibility is not at issue and expert testimony is not required. And as noted above, Ulmer retained counsel throughout his criminal proceedings and nothing in his Motion suggests he is incapable of retaining counsel now.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.